

FILED
APR 13 2023

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| WEB WATER DEVELOPMENT ASSOCIATION, INC., | 1:23-CV-01001-CBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| vs. | |
| MUELLER SYSTEMS, LLC, | |
| Defendant. | |

Plaintiff WEB Water Development Association, Inc. brings this action against defendant Mueller Systems, LLC for breach of contract. WEB Water initially filed its complaint in South Dakota state court and Mueller removed the action pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship. Removal was timely and WEB Water does not contest removal to federal court. This matter is before the Court on the defendant's motion to dismiss for failure to state a claim.

I.   **Background**

This case arises from a transaction between WEB Water and Mueller. WEB Water operates a rural water system that delivers water to customers in northeast South Dakota and southern North Dakota. Mueller is a manufacturer and distributor of metering infrastructure and automatic meter reading technology. In August 2015, the two organizations entered into an agreement titled "Mueller Systems Master Agreement" where Mueller agreed to sell WEB Water, "Equipment, Software, Documentation and other items related to advanced metrology infrastructure systems." WEB Water planned to use the equipment and software to remotely monitor its customers use of water for

accurate billing purposes and to detect any system water loss. WEB Water referred to this system as the Advanced Metering Infrastructure System and alleges that Mueller promised the Metering System would allow continuous monitoring of every water meter within WEB Water's network. The Metering System also had a customer portal allowing each WEB Water customer with a Meter Transmitting Unit to monitor their water usage and alert the customer if their usage exceeded a certain amount. Around the same time, WEB Water and Mueller entered into an Annual Service and Maintenance agreement where Mueller agreed to provide "technical support services, both contractual and warranty, for Mueller Systems' MegaNet Fixed Network Metered Reading System . . . software and associated infrastructure equipment."

WEB Water alleges that it worked with Mueller during the first few years of the Metering System's operation to address issues, but by the middle of 2017, the Metering System was not operating as promised. WEB Water alleges that the Transmitting Units supplied by Mueller frequently failed and required WEB Water to spend over $1 million replacing the failed Transmitting Units. WEB Water claims that Mueller provided warranty coverage for only a fraction of the failed Transmitting Units, and many of the replacement Transmitting Units also failed to function properly. Because of the high number of failed Transmitting Units, WEB Water alleges that the Metering System also failed to provide continuous monitoring of the water network. WEB Water also claims that the data export billing system began having issues in 2019 and after a major change to the data layout in 2022, the entire system crashed and was down for two months. WEB Water was forced to implement a workaround solution that it is still using to bill its customers. It further alleges that the customer portal never worked properly and had several flaws at the outset including privacy issues. WEB Water claims that Mueller discontinued the customer portal in August 2021 and forced it to use a different product that also never worked properly.

## II.    Standard of Review

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that all facts in the complaint are true and construes any

2

reasonable inferences from those facts in the light most favorable to the nonmoving party. Jacobson Warehouse Co. v. Schnuck Mkts., Inc., 13 F.4th 659, 668 (8th Cir. 2021); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive the motion to dismiss. C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347, 591 F.3d 624, 630 (8th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The factual allegations "must be enough to raise a right to relief above the speculative level." In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (quoting Twombly, 550 U.S. at 555). In addition, the factual contents of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Pietoso, Inc. v. Rep. Servs., Inc., 4 F.4th 620, 622 (8th Cir. 2021) (quoting Glick v. W. Power Sports, Inc., 944 F.3d 714, 717 (8th Cir. 2019)). Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). When assessing the merits of a complaint challenged under Federal Rule of Civil Procedure 12(b)(6), a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." McDonough v. Anoka Cnty., 799 F.3d 931, 945–46 (8th Cir. 2015) (citing Iqbal, 556 U.S. at 679).

### III. Analysis

WEB Water brings a claim for the breach of the Master Agreement and Service Agreement. Mueller argues that the complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for the failure to state a claim. Because the case arises under the Court's diversity jurisdiction, South Dakota state law provides the legal basis for both claims. In South Dakota, the elements of breach of contract are (1) an enforceable promise; (2) a breach of the promise; and (3) resulting damages. Guthmiller v. Deloitte & Touche, LLP, 699 N.W.2d 493, 498 (S.D. 2005).

Mueller's argument that WEB Water's complaint fails to state a claim is unpersuasive. WEB Water has alleged the existence of two contracts: the Master Agreement and Services Agreement. WEB Water claims that Mueller breached both

3

contracts by failing to provide it with a functioning system to monitor its water network and customers usage. Specifically, WEB Water states that the Transmitting Units regularly failed and that it had to spend over $1 million to replace the failed Transmitting Units. WEB Water alleges that Mueller promised the monitoring system would allow WEB Water to continually monitor 100% of its water delivery system. WEB Water alleges further that Mueller failed to provide a functioning customer portal and data export billing system. When assessing a motion to dismiss made under Rule 12(b)(6), the Court "draws on its own judicial experience and common sense." Meardon v. Register, 994 F.3d 927, 934 (8th Cir. 2021). The pleading standard requires enough facts to state a claim that is plausible on its face. Although WEB Water did not attach copies of the contract, which Mueller appears to take issue with, it is not required to attach documentary evidence to overcome a defendant's motion to dismiss. See Whitney v. Guys, Inc., 700 F.3d 1118, 1128–29 (8th Cir. 2012) ("[D]ocumentary evidence generally is not required at the pleading stage. . . . Evidence is not required because "on a motion to dismiss, inferences are to be drawn in favor of the non-moving party. Twombly and Iqbal did not change this fundamental tenet . . . ." (quoting Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009))). At this phase in the proceedings, WEB Water has plausibly plead its two claims against Mueller and the defendant's motion to dismiss for the failure to state a claim should be denied.

### IV. Conclusion

Now, therefore,

IT IS ORDERED that the defendant's motion to dismiss for the failure to state a claim (Doc. 7) is denied.

DATED this 7th day of April, 2023.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge